Matthew A. Silverman (018919)
Jessica R. Kenney (026615)
**McCarthy ◆ Holthus ◆ Levine**
3636 North Central Avenue
Suite 1050
Phoenix, AZ 85012
(602) 230-8726

Attorneys for Movant,
Deutsche Bank National Trust Company, as Trustee of Residential Asset Securitization Trust Series 2004-IndyPort1, Mortgage Pass-Through Certificates, Series 2004-1 under the Pooling and Servicing agreement dated February 1, 2004, its assignees and/or successors

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| In re:<br><br>William McCaffrey,<br><br>Debtor.<br>_____<br>Deutsche Bank National Trust Company, as Trustee of Residential Asset Securitization Trust Series 2004-IndyPort1, Mortgage Pass-Through Certificates, Series 2004-1 under the Pooling and Servicing agreement dated February 1, 2004, its assignees and/or successors,<br><br>Movant,<br><br>v.<br><br>William McCaffrey, Debtor; and Russell Brown, Chapter 13 Trustee,<br><br>Respondents. | In Proceedings Under<br><br>Chapter 13<br><br>Case No. 2:09-bk-20635-SSC<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |

Deutsche Bank National Trust Company, as Trustee of Residential Asset Securitization Trust Series 2004-IndyPort1, Mortgage Pass-Through Certificates, Series 2004-1 under the Pooling and Servicing agreement dated February 1, 2004 ("Movant"), by and through its undersigned attorney, moves for termination of all stays and injunctions, pursuant to 11 U.S.C. § 362(d), 11 U.S.C. § 105, Bankruptcy Rules 4001 and 9014 and Local Rule 4001, regarding the real property generally described as 8335 East Sutton Drive, Scottsdale, AZ 85260.

The relief requested in this Motion is proper for all of the reasons set forth in the Memorandum of Points and Authorities attached hereto and incorporated herein by this reference.

DATED: November 25, 2009

**McCarthy ◆ Holthus ◆ Levine**

By: /s/ Matthew A. Silverman
Matthew A. Silverman, Esq.
3636 North Central Avenue
Suite 1050
Phoenix, AZ 85012
Attorneys for Movant

# MEMORANDUM OF POINTS AND AUTHORITIES

1. On or about 08/25/2009, Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code. Pursuant to 11 U.S.C. § 362, the Petition stays the commencement or continuation of any proceedings against the Debtor or any act to obtain possession of any property of the Debtor or to enforce any lien against any property of the Debtor.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1334. The filing of this Motion commences a contested matter within the meaning of Bankruptcy Rule 9014. Pursuant to Local Bankruptcy Code 4001(b), Movant sent notice to the Debtor counsel.

3. On or about 08/25/2003, IndyMac FSB entered into a contract with William McCaffrey wherein Debtor agreed to pay the amount of $2,465.30, or more, on or before the first day of every month, beginning on or about 10/01/2003. The obligation is evidenced by a Note and secured by a Deed of Trust. **See Exhibit "1"**.

4. The Deed of Trust was timely and duly recorded and perfected in accordance with Arizona law as Recorders No. 20031224130 in the office of the Maricopa County Recorder.

5. Deutsche Bank National Trust Company, as Trustee of Residential Asset Securitization Trust Series 2004-IndyPort1, Mortgage Pass-Through Certificates, Series 2004-1 under the Pooling and Servicing agreement dated February 1, 2004 is now the holder of the Note that is Secured by the Deed of Trust and is the real party in interest.

6. The original principal amount of the Note was $479,500.00, plus interest, costs and attorneys' fees for collection. Currently, but for the defaults in acceleration, the monthly payment pursuant to the Note would be $2,605.38.

7. The Debtor has failed to make monthly payments, beginning with the month of 12/01/2008, and all subsequent payments, costs, attorneys' fees, interest and accruing late charges. Debtor has been in default for 12 months.

8. As of 11/23/2009, the amount required to fully reinstate the Debtor loan post-petition is approximately $52,468.35 , itemized as follows:

| | | | | | |
|---|---|---|---|---|---|
| Unpaid Principal Balance: | | | | $ | 436,450.14 |
| PRE-PETITION DELINQUENCIES: | | | | | |
| Monthly Payments: | 9 | at | $3,590.46 | $ | 32,314.14 |
| (12/08 through 08/09) | | | | | |
| Late Charges: | | | | $ | 1,265.43 |
| NSF Charges: | 1 | at | $75.00 | $ | 75.00 |
| Other: | | | | $ | 30.00 |
| Bankruptcy Attorney Fee: | | | | $ | 150.00 |
| Bankruptcy Filing Fee: | | | | $ | 150.00 |
| Total Pre-Petition Delinquencies: | | | | $ | 33,984.57 |
| | | | | | |
| POST-PETITION DELINQUENCIES: | | | | | |
| Monthly Payments: | 1 | at | $3,018.76 | $ | 3,018.76 |
| ( 09/09 ) | | | | | |
| Monthly Payments: | 2 | at | $2,605.38 | $ | 5,210.76 |
| ( 10/09 through 11/09 ) | | | | | |
| Escrow Advances: | | | | $ | 9,385.26 |
| Recoverable Balance: | | | | $ | 22.00 |
| Total Fees: | | | | $ | 47.00 |
| Bankruptcy Attorney Fee: | | | | $ | 650.00 |
| Bankruptcy Filing Fee: | | | | $ | 150.00 |
| Total Post-Petition Delinquencies: | | | | $ | 18,483.78 |
| | | | | | |
| Total Delinquencies: | | | | $ | 52,468.35 |
| | | | | | |
| Total Amount Due to Secured Creditor: | | | | $ | 488,918.49 |

9. Pursuant to the Note, Movant has declared the entire unpaid balance of principal and accrued interest, plus all other amounts owed, to be immediately due and payable. As of 11/23/2009, the principal amount owing on the Note secured by the Trust Deed is $488,918.49.

10. Movant has performed all of its obligations required under the Note and Deed of Trust, and all conditions precedent to the Debtors' performance there under have occurred.

File No. AZ-09-12850     4     Case No. 2:09-bk-20635-SSC
Motion For Relief From Automatic Stay
Case 2:09-bk-20635-SSC    Doc 36    Filed 11/25/09    Entered 11/25/09 14:19:58    Desc
Main Document     Page 4 of 8

## MOVANT IS NOT RECEIVING ADEQUATE PROTECTION

11. Pursuant to 11 U.S.C. § 362 subd. (d)(1), Movant is entitled to relief from the automatic stay to enforce its lien for cause, including lack of adequate protection of any interest in the property. Movant is entitled to adequate protection for the present value of the collateral in the form of monthly payments.

12. The Moving Party further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

13. Failure to make post-petition mortgage payments can constitute cause for lifting the stay. The debtor has the burden of showing there is no cause to terminate the stay. In re Ellis, 60 B.R. 432 (9th Cir. BAP 1985). Where cause is shown, courts have no discretion, but <u>must</u> grant relief. In re Ford, 36 B.R. 501 (Dt 1983). Movant has not been provided adequate protection, inasmuch as monthly payments have been in default since 12/01/2008, as more fully set forth in paragraph 8.

14. Movant is not adequately protected. Movant is not receiving regular monthly payments, and is unfairly delayed from proceeding with the foreclosure of the subject Property. Accordingly, relief from the automatic stay should be granted to Movant pursuant to 11 U.S.C. § 362(d)(1).

15. Due to Debtor default, Movant commenced foreclosure proceedings by recording a Notice of Trustee's Sale on 01/20/2009, and the foreclosure sale was scheduled for 04/21/2009. Due to the filing of the instant bankruptcy petition the foreclosure sale has been postponed to 12/07/2009. Due to the filing of the instant bankruptcy petition, Movant is stayed from proceeding with the foreclosure.

16. Movant sent notice as required by Local Rule 4001-1(b).

## CONCLUSION

1. Movant's claim is in default and unpaid by the Debtor.

2. Movant's only form of redress is to look to the secured property.

3. Costs, attorneys' fees and interest continue to mount on Movant's claim, thus completely eroding any and all equity that may be claimed by Respondent.

4. This property is not required for any reorganization.

5. Movant is not adequately protected.

6. Movant is a secured creditor who is at dangerous peril of becoming undersecured as a result of the stays which enjoin Movant from foreclosing its lien. Therefore, pursuant to 11 U.S.C. § 362(d)(2), this Motion should be granted to avoid further erosion of Movant's secured lien position.

## **REQUEST FOR RELIEF**

WHEREFORE, Movant requests that the Court enter its Order granting the following relief:

A. Terminating all stays and injunctions including, but not limited to, the automatic stays under Bankruptcy Code § 362(a)(2) and 105 with respect to the property which is described herein as to the Movant only;

B. For Movant's reasonable attorneys' fees and costs and interest herein incurred and expended; and

C. For such other and further relief as the Court deems just and equitable.

DATED: November 25, 2009

**McCarthy ◆ Holthus ◆ Levine**

By: /s/ Matthew A. Silverman
   Matthew A. Silverman, Esq.
   3636 North Central Avenue
   Suite 1050
   Phoenix, AZ 85012
   Attorneys for Movant

On 11/25/2009, I served the foregoing documents described as **MOTION FOR RELIEF FROM AUTOMATIC STAY; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** on the following individuals by electronic means through the Court's ECF program:

COUNSEL FOR DEBTOR
Kevin J Rattay
kjr@rattaylaw.com

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Alexandru Nicolau
Alexandru Nicolau

On 11/24/2009, I served the foregoing documents described as **MOTION FOR RELIEF FROM AUTOMATIC STAY; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**, on the following individuals by depositing true copies thereof in the United States mail at San Diego, California, enclosed in a sealed envelope, with postage paid, addressed as follows:

COUNSEL FOR DEBTOR
Kevin J Rattay
Kevin J Rattay PLC
3200 N. Central Avenue
Suite 2000
Phoenix, AZ 85012

DEBTOR
William D. McCaffrey
8335 East Sutton Drive
Scottsdale, AZ 85260

TRUSTEE
Russell Brown
Chapter 13 Trustee
Suite 800
Phoenix, AZ 85012

///

File No. AZ-09-12850     7     Case No. 2:09-bk-20635-SSC
Motion For Relief From Automatic Stay
Case 2:09-bk-20635-SSC   Doc 36   Filed 11/25/09   Entered 11/25/09 14:19:58   Desc
Main Document     Page 7 of 8

| | |
|---|---|
| 1 | UNITED STATES TRUSTEE |
| 2 | Office of the U.S. Trustee |
|   | 230 North First Avenue |
| 3 | Suite 204 |
|   | Phoenix, AZ 85003-1706 |
| 4 | |
| 5 | SPECIAL NOTICE |
|   | Chrysler Financial Services Americas LLC |
| 6 | Poli & Ball PLC |
|   | 2999 N 44Th Street #500 |
| 7 | Phoenix, AZ 85018 |

```
1    UNITED STATES TRUSTEE
     Office of the U.S. Trustee
2    230 North First Avenue
     Suite 204
3    Phoenix, AZ 85003-1706
4
5    SPECIAL NOTICE
     Chrysler Financial Services Americas LLC
6    Poli & Ball PLC
     2999 N 44Th Street #500
7    Phoenix, AZ 85018
8
     GE Money Bank
9    c/o Recovery Management Systems Corporation
     Attn: Ramesh Singh
10   25 SE 2nd Avenue, Suite 1120
11   Miami, FL 33131-1605
12
        I declare under penalty of perjury under the laws of the United States of America that the foregoing
     is true and correct.
13
14                                                   /s/ David Fry
                                                     David Fry
```